IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROBERT ALVIN JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 6:04cv542 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Robert Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson says that he was placed on special penalty cell restriction on June 11, 2004, even before he was served with a disciplinary case. When he went to his disciplinary hearing, he received punishment in the form of lost good time, reduction in classification status, and commissary and cell restrictions.

Johnson says that he was not even supposed to receive a case, as evidenced by the fact that Officer Kocurek later wrote several statements saying that she had written him the case by mistake because she was supposed to give the case to another inmate, named Shawn Johnson. He adds that an internal affairs investigator named Green talked to Warden Thompson after Green investigated the Johnson's case and found "several violations" in the way that it was handled. However, Johnson says, Thompson replied that he did not care. Johnson says that the violations included his placement on special penalty cell restriction for five days prior to going to court, and the fact that he was placed on special cell restrictions for refusing to move into Seven Building,

where he was not eligible to go because he was minimum custody and these cells were for medium custody inmates. Johnson filed disciplinary appeals through the prison grievance procedure, but these were rejected.

Johnson does not indicate in his petition whether or not he is eligible for release on mandatory supervision, but says that he was convicted of murder in 1996. The Magistrate Judge correctly determined that Texas law renders Johnson ineligible for release on mandatory supervision. Tex. Code Crim. Pro. Art. 42.18, sec. 8(c)(1) (Vernon 1995).

On April 6, 2005, the Magistrate Judge issued a Report recommending that Johnson's petition be dismissed. The Magistrate Judge concluded that Johnson failed to show that he was deprived of a constitutionally protected liberty interest, citing Sandin v. Conner, 115 S.Ct. 2293 (1995). Johnson received a copy of this Report on April 12, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

The Court has examined the Report of the Magistrate Judge and the pleadings in the cause, and has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

SIGNED this 20th day of May, 2005.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE